UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WHITSON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:17-cv-01028 |
| ] | Judge Trauger |
| INICE WAGNER ] | |
|     Defendant. ] | |

# MEMORANDUM OPINION

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Inice Wagner, a Unit Manager at the Detention Facility, seeking injunctive relief and damages.

On an unspecified date, the plaintiff and another inmate were being escorted to the shower by the defendant. According to the complaint, the other inmate said "I love you." Docket Entry No. 1 at 5. The defendant mistakenly thought that the plaintiff had made the comment. She told the plaintiff to shut up and then made disparaging remarks about the plaintiff's sexual orientation. *Id.* Other inmates heard the defendant's remarks and began laughing. The plaintiff became embarrassed and filed a grievance complaining about the incident. It has been two months and there still has been no response to the grievance. *Id.* The plaintiff alleges that the defendant is guilty of sexual misconduct in violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or

1

persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In certain circumstances, sexual harassment may constitute the unnecessary and wanton infliction of pain forbidden by the Eighth Amendment. Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997). This is not to say, however, that every malevolent touch or comment by a prison guard gives rise to a federal cause of action. Hudson v. McMillian, 503 U.S. 1, 9 (1992); *see also* Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (not every unpleasant experience a prisoner might endure while confined constitutes cruel and unusual punishment).

To prevail on this type of claim, the plaintiff must demonstrate both that the alleged misconduct caused him "pain" (objective factor) and that the offender in question acted with a sufficiently culpable state of mind (subjective factor). Freitas, *supra* (citing Hudson at 8). Sexual harassment that does not involve contact or touching fails to satisfy the requirement of being an unnecessary and wanton infliction of pain. Morales v. Mackalm, 278 F.3d 126, 132 (2d Cir. 2002) (female guard who asked male prisoner for sex did not involve the unnecessary and wanton infliction of pain); Adkins v. Rodriguez, 59 F.3d 1034, 1037 (10th Cir. 1995) ("we cannot infuse defendant's words of sexual harassment with the sort of violence or threats of violence cognizable in the conditions of confinement cases the Court has addressed."); *see also* Zander v. McGinnis, 1998 WL 384625 at 2 (6th Cir. 1998) (guard "mouthed" pet names at a prisoner for 10 months did not state an actionable sexual harassment claim); Murray v. U.S. Bureau of Prisons, 1997 WL 34677 at 3 (6th Cir. 1997) (offensive remarks regarding transsexual prisoner's body appearance and sexual preference did not state a claim); Cox v. Prather, 2012 WL 5472023 at 4 (W.D. Ky. 2012).

The Sixth Circuit has further recognized that even minor isolated instances of sexual

touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See*, e.g., Solomon v. Mich. Dept. Of Corr., 2012 WL 1522932 at 2 (6th Cir. 2012) (two brief incidents of physical contact accompanied by sexually offensive remarks); Jackson v. Madery, 2005 WL 3077136 at 5 (6th Cir. 2005) (rubbing and grabbing of plaintiff's buttocks during a search); Johnson v. Ward, 2000 WL 659354 at 1 (6th Cir. 2000) (guard placing his hand on a prisoner's buttock coupled with an offensive sexual remark).

The complaint describes a single isolated incident that was brief and was not severe. The defendant's conduct did not involve touching or contact of any sort and was merely unprofessional and offensive. The plaintiff was not physically threatened by the defendant. Moreover, mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983).

In the absence of a constitutional violation, the plaintiff is unable to prove every element of a § 1983 cause of action. As a consequence, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

IT IS SO ORDERED.

This 28th day of July 2017.

_____
Aleta A. Trauger
United States District Judge